IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

ROBERT KENNEDY, individually )
and as surviving spouse of )
Callie Kennedy, deceased, )
)
    Plaintiff, )   CASE NO. CV408-041
)
v. )
)
UNITED STATES OF AMERICA, )
)
    Defendant. )
)

## O R D E R

Before the Court is Defendant's Motion to Dismiss (Doc. 5) and Plaintiff Kennedy's Motion to Extend Time to Serve Process (Doc. 12). Defendant asks this Court to dismiss Plaintiff's Complaint for failure to perfect service within 120 days of filing the Complaint. Plaintiff requests that this Court grant him additional time to serve Defendant because Plaintiff's counsel was being treated for cancer and was, therefore, unable to properly perfect service. After careful consideration, Plaintiff's Motion is **GRANTED**. As a result, Defendant's Motion is **DENIED**. Plaintiff shall have until **February 15, 2009** to perfect service on Defendant.

## BACKGROUND

Plaintiff alleges that Westside Urban Healthcare, funded by Defendant, incorrectly filled one of Mrs.

Kennedy's prescriptions. The medication she actually received resulted in internal bleeding and, following brain surgery, death. Plaintiff filed an administrative complaint, which was denied on September 3, 2007. Following denial of the administrative complaint, Plaintiff filed his Complaint in this Court on February 29, 2008. In its Motion, Defendant argues that Plaintiff failed to properly serve Defendant, according to the procedures listed in Federal Rule of Civil Procedure 4(i), within 120 days of filing the complaint.[1] Subsequent to Defendant's Motion, Plaintiff filed a Motion requesting additional time, under Rule 4(m), to serve Defendant. In an attached affidavit, Plaintiff's counsel states that unexpectedly severe side-effects from treatment for cancer resulted in his inability to timely serve defendant in the manner prescribed by the Rules.

## ANALYSIS

Federal Rule of Civil Procedure 4(m) requires a plaintiff to serve a defendant with a summons and a copy of the complaint within 120 days of filing the complaint. Upon failure to timely serve a defendant, the Court must dismiss

---

[1] Under the Federal Rules of Civil Procedure, Plaintiff had until June 30, 2008 to properly serve Defendant. See Fed. R. Civ. P. 4(m).

"that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). However, the rule allows the Court, in an exercise of its discretion, to extend the time for service if Plaintiff can show good cause for failing to meet the 120-day deadline. Id. Generally, good cause is only found when some "outside factor[,] such as reliance on faulty advice, rather than inadvertence or negligence, prevented service." Lepone-Dempsey v. Carroll County Comm'rs, 476 F.3d 1277, 1281 (11th Cir. 2007) (quoting Prisco v. Frank, 929 F.2d 603, 604 (11th Cir. 1991) (per curiam)) (alteration in original).

The Eleventh Circuit Court of Appeals has extended the power of a district court to grant extensions under Rule 4(m) even further. See Horenkamp v. Van Winkle & Co., 402 F.3d 1129 (11th Cir. 2005). In Horenkamp, the Eleventh Circuit held that "Rule 4(m) grants discretion to the district court to extend the time for service of process even in the absence of a showing of good cause."[2] Id. at

---

[2] In fact, this view appears to be accepted by a majority of circuits. See Mann v. Am. Airlines, 324 F.3d 1088 (9th Cir. 2003); Panaras v. Liquid Carbonic Indus. Corp., 94 F.3d 338, 340 (7th Cir. 1996); Thompson v. Brown, 91 F.3d 20 (5th Cir. 1996); Petrucelli v. Bohringer & Ratzinger, 46 F.3d 1298 (3d Cir. 1995); Espinoza v. United States, 52 F.3d 838 (10th Cir. 1995). District Courts in circuits that have not addressed the issue have held that the rule allows the extension absent good cause. See Horenkamp, 402 F.3d at

1132. The Eleventh Circuit noted that an extension may be warranted where the action could not be refiled due to the expiration of the applicable statute of limitations. Id. at 1132-33.

After careful consideration, the Court has determined that an extension of the 120-day deadline is warranted in this case. Even if Plaintiff's counsel's medical condition was not sufficient cause to justify an extension, this Court finds that an extension is warranted because Plaintiff is barred from refiling this action by the statute of limitations. See 28 U.S.C. § 2401(b) (barring claims not brought within six months of receiving final agency determination). Accordingly, Plaintiff's Motion is **GRANTED** and, as a result, Defendant's Motion is **DENIED**. Plaintiff shall have until **February 15, 2009** to perfect service on Defendant.

SO ORDERED this 29th day of January, 2009.

WILLIAM T. MOORE, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

1132 n.2 (listing cases). Of all the federal circuits, only the Fourth Circuit declines to recognize this discretionary power. See Mendez v. Elliot, 45 F.3d 75 (4th Cir. 1995).